403 So.2d 1131 (1981)
Christopher TRENT, Appellant,
v.
STATE of Florida, Appellee.
No. 80-951.
District Court of Appeal of Florida, Fourth District.
September 23, 1981.
Rehearing Denied October 14, 1981.
Richard L. Jorandby, Public Defender, and Anthony Calvello, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Stewart J. Bellus, Asst. Atty. Gen., West Palm Beach, for appellee.
LETTS, Chief Judge.
This cause is reversed and remanded upon the authority of Richardson v. State, 398 So.2d 1010 (Fla. 1st DCA 1981) which we adopt as the law of the Fourth District.
We do not like this result and entertain serious doubts as to whether the legislature ever intended such preferential treatment for youthful offenders who commit armed robbery. Nonetheless a "life felony" is most definitely a completely different animal from a felony in the first degree punishable by life imprisonment. See Section 775.082(3), Florida Statutes (1979) and Dade County v. Goldstein, 384 So.2d 183 (Fla. 3d DCA 1980).
There remains the question of why it is not harmless error to sentence a youthful offender to a three year minimum term of imprisonment under Section 775.087, if the court could have sentenced him to six years, four of which could have been by actual imprisonment under Section 958.05. The answer is that under the minimum mandatory provisions of Section 775.087 we note that the prisoner is not eligible for parole or statutory gain-time. Accordingly, the *1132 harmless error doctrine is not appropriate here.
REVERSED AND REMANDED.
BERANEK and MOORE, JJ., concur.