404 So.2d 795 (1981)
Johnny Leon WHITLOCK, Appellant,
v.
The STATE of Florida, Appellee.
No. 80-1904.
District Court of Appeal of Florida, Third District.
October 6, 1981.
Bennett H. Brummer, Public Defender, and John Lipinski, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Paul Mendelson, Asst. Atty. Gen., for appellee.
Before HUBBART, C.J., and BARKDULL and HENDRY, JJ.
HENDRY, Judge.
This appeal challenges the imposition of mandatory three year prison terms on a youthful offender pursuant to section 775.087(2), Florida Statutes (1979). We reverse and remand for resentencing.
Appellant Whitlock entered guilty pleas to charges of robbery and unlawful possession of a firearm while engaged in a criminal offense. Appellant qualifies for the more lenient sentencing provisions of the Youthful Offender Act, Chapter 958, Florida Statutes (1979). Notwithstanding appellant's status as a youthful offender, prior to sentencing the trial judge stated that he was obligated to impose a mandatory three year minimum term of imprisonment for each charge in accordance with section 775.087(2) because appellant carried a firearm during the robbery. Consequently, appellant was sentenced to two concurrent three year minimum terms.
Appellant submits that his status as a youthful offender under Chapter 958 precluded the minimum three year sentences imposed under section 775.087. The state, in turn, argues that appellant should not have been classified as a youthful offender *796 because section 958.04(1)(c)[1] excludes persons found guilty of a capital or life felony from the sentencing provisions of the Act. The fallacy in this argument is that armed robbery, although a felony of the first degree, is not a capital or life felony. See sections 812.13(2)(a); and 775.081. Thus, while appellant's first degree felony plea precluded mandatory classification as a youthful offender pursuant to section 958.04(2)(b), the trial judge still had the discretion to classify the appellant as a youthful offender under subsection (1), which he so exercised. State v. Goodson, 403 So.2d 1337 (Fla. 1981) (if eligibility requirements of subsection (1) of the Act are met, the trial court "may" classify that person as the trial court "may" classify that person as a youthful offender; if eligibility requirements of subsection (1) are met and the person is not disqualified by the requirements in subsection (2), the court "shall" classify that person as a youthful offender). See also Barnhill v. State, 393 So.2d 557 (Fla. 4th DCA 1980); Killian v. State, 387 So.2d 385 (Fla. 2d DCA 1980). Accordingly, we find that appellant was properly classified as a youthful offender.
Section 958.05 of the Act expressly provides that youthful offenders be sentenced "in lieu of other criminal penalties authorized by law," and enumerates three alternative sanctions which may be levied on such offenders. This section plainly circumscribes the penalties for youthful offenders and forbids the imposition of sanctions other than those provided therein. We find support for this conclusion in the legislative intent behind enactment of the statute. As stated in section 958.021, the legislature's goal was to improve the chances of correction and successful return to the community of youthful offenders sentenced to imprisonment by preventing their association with older and more experienced criminals during the terms of their confinement. Clearly, this objective would be defeated if youthful offenders were sentenced to mandatory terms of imprisonment under section 775.087(2).[2] Moreover, the Act itself provides for mandatory one year sentences for particularly serious crimes or dangerous offenders; a provision plainly substituting for the minimum three year sentence for adult offenders under section 775.087.
We hold that the sentencing provisions of the Youthful Offender Act are the exclusive sanctions for defendants who meet its criteria. We also agree with appellant that the imposition of a mandatory minimum three year sentence for unlawful possession of a firearm was erroneous for the additional reason that this crime is not one of the enumerated crimes in section 775.087(2).
The sentences are reversed and this cause remanded to the trial court for resentencing under Chapter 958.
Reversed and remanded.
NOTES
[1] Subsections (1) and (2) of section 958.04 read as follows:

958.04 Eligibility for youthful offender; classification. 
(1) The court may classify as a youthful offender any person:
(a) Who is at least 18 years of age or who has been transferred for prosecution to the criminal division of the circuit court pursuant to chapter 39;
(b) Who is found guilty of or who has tendered, and the court has accepted, a plea of nolo contendere or guilty to a crime which is, under the laws of this state, a felony of the first, second, or third degree if such crime was committed before the defendant's 21st birthday; and
(c) Who has not previously been classified a youthful offender under the provisions of this act; however, no person who has been found guilty of a capital or life felony may be classified a youthful offender under this act.
(2) A person shall be classified a youthful offender if such person meets the criteria of subsection (1) and such person:
(a) Has not previously been found guilty of a felony, whether or not the adjudication of guilt has been withheld; or
(b) Has not been adjudicated delinquent for an act which would be a capital, life, or first degree felony if committed by an adult.
[2] We point out that under the Act appellant can be sentenced to three years imprisonment (see § 958.05); but that the mandatory minimum term of imprisonment under § 775.087(2) was improper.