SCHWARTZ, Judge.
On the authority of Whitlock v. State, 404 So.2d 795 (Fla.3d DCA 1981) and Trent v. State, 403 So.2d 1131 (Fla.4th DCA 1981), that portion of the sentence entered below pursuant to the Youthful Offender Act, Secs. 958.04-.05 Fla.Stat. (1979) which imposes concurrent three-year minimum mandatory terms under Sec. 775.087(2), Fla. Stat. (1979) is stricken from the order under review, which is otherwise affirmed.[1]
Affirmed in part, reversed in part.

. We utterly reject the state’s imaginative contention that whenever, as here, a defendant is sentenced on a multiple-count information, he is ineligible as a matter of law for treatment as a youthful offender under Sec. 958.04(1) as to any succeeding counts since he has “previously been classified a youthful offender,” Sec. 958.-04(l)(c), under the first count. This argument, which would effectively deny youthful offender status in any multiple-count situation, is directly contrary to the statement in State v. Goodson, 403 So.2d 1337, 1340 (Fla.1981) that “. .. the existence of two or more contemporaneous felony convictions does not preclude a defendant from being classified as a youthful offender, it merely excludes him from mandatory classification as such. See § 958.04(3), Fla.Stat. (Supp.1978).”