408 So.2d 785 (1982)
Stephen PATTERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 81-1570.
District Court of Appeal of Florida, Second District.
January 13, 1982.
Jerry Hill, Public Defender, and Paul C. Helm, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee and Deborah A. Osmond, Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Judge.
Stephen Patterson was adjudicated guilty of burglary and armed robbery. He appeals his concurrent sentences of three *786 years' mandatory imprisonment followed by two years in a community control program. We affirm in part and reverse in part.
Appellant raises two points on appeal. His first argument is that he cannot be given mandatory three years' imprisonment pursuant to section 775.087, Florida Statutes (1979), because the sentencing provisions of section 958.05, Florida Statutes (1979) (The Youthful Offender Act), were the exclusive penalties available to the sentencing judge. Our sister court has recently endorsed this argument in Whitlock v. State, 404 So.2d 795 (Fla.3d DCA 1981).
We agree with the well-reasoned opinion in Whitlock and strike the statement in the judgment and sentence for the robbery that the three year mandatory minimum applies.
Appellant also claims that his sentences are illegal under Villery v. Florida Parole and Probation Commission, 396 So.2d 1107 (Fla. 1981). Because we have recently held that the Youthful Offender Act creates a statutory exclusion to the ruling in Villery, Riley v. State, 407 So.2d 967 (Fla.2d DCA 1981), we reject this argument.
Accordingly, appellant's judgments and sentences are AFFIRMED but the provision for a mandatory three years' imprisonment is stricken.
HOBSON, A.C.J., and OTT, J., concur.