JOANOS, Judge.
We affirm Miller’s sentences on charges of grand theft and escape. However, we write this opinion to make clear that our affirmance does not preclude the trial court from reducing or modifying the sentences pursuant to Fla.R.Crim.P. 3.800 to treat Miller as a youthful offender on both convictions.
Miller was first sentenced as a youthful offender on the grand theft charge. Moments later, the trial judge pronounced a consecutive, adult sentence for escape. The record reflects that at the time, the sentencing judge, apparently believed that he was required by the language of Section 944.40, Florida Statutes (1979) to deliver consecutive sentences. That section states that sentencing for escape “shall run consecutive to any former sentence imposed upon any prisoner.”
Without deciding whether Miller’s sentence for grand theft qualifies as a “former sentence” for purposes of the statute, we hold that the appellant may nevertheless be sentenced as a youthful offender. Section 958.05 Fla.Stat. (1979) provides that youthful offender sentencing may be used “in lieu of other criminal penalties authorized by law.” The 1979 provisions of the Florida Youthful Offender Act do not indicate that sentences for escape should be excluded from the purview of the Act. Cf. Whitlock v. State, 404 So.2d 795 (Fla. 3rd DCA 1981); Patterson v. State (Fla. 2nd DCA 1981) [1981 FLW 124],
We also find that under the circumstances presented here, Miller was not precluded from youthful offender treatment on each sentence despite language in the Act that a defendant is ineligible if he has “previously been classified a youthful offender under the provisions of this act.” Section 958.04(l)(c) Fla.Stat. (1979). The question presented is: Does simultaneous sentencing (sentencing for two or more crimes at one hearing) preclude a defendant from being treated, under the judge’s discretion, as a youthful offender on the theory that once the judge delivers a youthful offender sentence on the first charge, the defendant has “previously been classified a youthful offender” for purposes of the second charge? The Florida Supreme Court in State v. Goodson, 403 So.2d 1337, 1340 (Fla.1981) spoke to this when they said:
[T]he existence of two or more contemporaneous felony convictions does not preclude a defendant from being classified as a youthful offender, it merely excludes him from mandatory classification as such. See Sec. 958.04(3) F.S. (Supp.1978).
We believe this to be the reasonable interpretation of the law in carrying out the intention of the legislature, which was to prevent novice criminals from becoming expert by being thrown in with more experienced felons during imprisonment. See Section 958.021. In our view, the 1979 Act placed the decision of whether or not to sentence Miller as a youthful offender on the escape charge in the sound discretion of the trial judge.
Accordingly, judgment of the trial court is AFFIRMED.
ERVIN and WENTWORTH, JJ., concur.