429 So.2d 1331 (1983)
Aaron Novel REYNOLDS, Appellant,
v.
STATE of Florida, Appellee.
No. 83-327.
District Court of Appeal of Florida, Fifth District.
April 20, 1983.
*1332 Aaron N. Reynolds, pro se.
No appearance for appellee.
COWART, Judge.
Petitioner filed a motion to vacate under Florida Rule of Criminal Procedure 3.850 alleging that in violation of the law established in Earnest v. State, 351 So.2d 957 (Fla. 1977), in connection with an armed robbery conviction he was sentenced under the mandatory minimum three year sentence provision of section 775.087(2)(a), Florida Statutes (1981), although he alleges the evidence at trial was clear that he had only vicarious, and no actual, possession of a firearm. The motion was denied without an evidentiary hearing but the order denying the motion did not have attached that portion of the files and records of the trial court which conclusively show petitioner is entitled to no relief as required by Rule 3.850.
The motion does state a claim for relief in that under Earnest the sentence imposed on petitioner was in excess of the maximum authorized by law if the statutory three year minimum sentence was imposed when petitioner, who may have actively participated in the robbery without himself actually carrying a firearm or other deadly weapon, nevertheless, was vicariously guilty (as a principal in the first degree under section 777.011, Florida Statutes (1981)) of armed robbery because a co-perpetrator carried a firearm or other deadly weapon as prohibited by section 812.13(2)(a), Florida Statutes (1981). Unless the files and records in the case conclusively show petitioner actually personally possessed a firearm or other deadly weapon while committing the robbery of which he was found guilty, petitioner is entitled to an opportunity at an evidentiary hearing to prove his contention that his conviction for armed robbery was based solely on possession of a firearm or other deadly weapon by *1333 a co-perpetrator and not on his own personal possession. If there was competent substantial evidence before the jury upon which the jury could have based a verdict finding defendant guilty of armed robbery because of his personal possession of a firearm or other deadly weapon, petitioner, of course, is entitled to no relief.
The trial court's summary denial of this 3.850 motion was based in part on the point that this issue could have been raised on appeal. It is true that this type of sentencing error could have been raised on direct appeal and, normally, that is a good ground for denying relief under 3.850, but not always. Where, as here, the sentencing error can cause or require a defendant to be incarcerated or restrained for a greater length of time than provided by law in the absence of the sentencing error, that sentencing error is fundamental and endures and petitioner is entitled to relief in any and every legal manner possible, viz: on direct appeal although not first presented to the trial court, by post-conviction relief under Rule 3.850, or by extraordinary remedy. As to such a fundamental sentencing error he is entitled to relief under an alternative remedy notwithstanding that he could have, but did not, raise the error on appeal. An erroneous application of the three year mandatory minimum sentence would constitute a fundamental sentencing error.
Accordingly we reverse and remand this cause for the trial court to either (1) enter another order attaching portions of court files and records showing either (a) a three year minimum mandatory sentence was not imposed on petitioner, or (b) that petitioner's three year minimum mandatory sentence was based on petitioner's personal possession of a firearm or other deadly weapon, or (2) conduct an evidentiary hearing and, then, either grant or deny the requested relief.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ORFINGER, C.J., and FRANK D. UPCHURCH, Jr., J., concur.