SHARP, Judge.
Jeffrey Maham has filed a timely appeal with this court contesting the length of sentences given for various crimes committed. Because Maham was classified as a youthful offender, we find that two of his three sentences are illegal and, accordingly, vacate those sentences and remand for re-sentencing under the Youthful Offender Act, section 958.05, Florida Statutes (1981).
Maham was charged with two counts of burglary of a dwelling,[1] one count of grand theft in the second degree of a motor vehicle,[2] and two counts of grand theft in the second degree.[3] Maham entered pleas of nolo contendere to two counts of burglary of a dwelling and one count of theft of a motor vehicle. Under the terms of the plea negotiations, the maximum sentence Ma-ham would receive was seven years, plus a consecutive term of probation of undetermined length. Maham, however, was classified as a youthful offender and sentenced to seven years in a youthful offender facility for one count of burglary of a dwelling; three years in a youthful offender facility for theft of a motor vehicle (to run concurrently with the seven year sentence); and ten years of probation for burglary of a dwelling (to run consecutively to the seven year sentence).
Section 958.05 provides in part:
If the court classifies a person a youthful offender, in lieu of other criminal penalties authorized by law, the court shall dispose of the criminal case as follows:
(1) The court may place the youthful offender on probation in a community control program, with or without an adjudication of guilt, for a period not to exceed 2 years or extend beyond the 23rd birthday of the defendant.
(2) The court may commit the youthful offender to the custody of the department for a period not to exceed 6 years. The sentence of the court shall specify a period of not more than the first 4 years to be served by imprisonment and a period of not more than 2 years to be served in a community control program. The defendant shall serve the sentence of the court unless sooner release as provided by law.
Sentencing provisions of the Youthful Offender Act are the exclusive sanctions for a defendant who meets its criteria. Patterson v. State, 408 So.2d 785 (Fla. 2d DCA 1982); Waugh v. State, 406 So.2d 1238 (Fla. 2d DCA 1981); Whitlock v. State, 404 So.2d 795 (Fla. 3d DCA 1981).
Although Maham’s prison sentence did not exceed the terms of the plea bargain, because the trial court classified him as a youthful offender, only the three year sentence for grand theft of a motor vehicle is within the statutory limits of the Youthful Offender Act. The state concedes this point. Accordingly, we vacate the sentences of seven years imprisonment for one count of burglary of a dwelling and ten years probation for burglary of a dwelling, and remand to the trial court for resentenc-ing.
VACATED AND REMANDED.
ORFINGER, C.J., and DAUKSCH, J., concur.

. § 810.02(3), Fla.Stat. (1981).

. § 812.014, Fla.Stat. (1981).

.§ 812.014, Fla.Stat. (1981).