476 So.2d 318 (1985)
Steven A. DEAN, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1132.
District Court of Appeal of Florida, Second District.
October 11, 1985.
*319 James Marion Moorman, Public Defender, Bartow, and L.S. Alperstein, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Frank Migliore, Jr., Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Appellant, Steven A. Dean, appeals from an order denying his motion to set aside three sentences. We affirm in part and reverse in part.
On June 26, 1980, appellant pled guilty to two charges of robbery, violations of section 812.13(2)(a) and (c), Florida Statutes (1979), with the understanding that the court would sentence him as a youthful offender. Sentencing was held on September 26, 1980. At that time, appellant was charged with, and pled guilty to, a third robbery offense under section 812.13(2)(a). There were no conditions attached to that plea. The court, pursuant to its agreement, sentenced the appellant under the Youthful Offender Act, section 958.05, Florida Statutes (1979), on the first two charges. On the first robbery charge, the court sentenced appellant to probation for fifteen years with six years imprisonment as a condition of probation. On the second robbery charge, appellant was sentenced to probation for life, with six years imprisonment as a condition of probation and three years to be served as a minimum-mandatory term. On the third robbery charge, the court sentenced appellant to fifteen years in prison. The three sentences were to be served consecutively.
Appellant filed a motion to set aside the sentences under Florida Rule of Criminal Procedure 3.850. The motion was denied, and appellant filed a timely notice of appeal.
We find that the trial court erred in the first two sentences imposed upon appellant. Once the court classified the appellant as a youthful offender, it was prohibited from imposing sanctions other than those provided in section 958.05 of the Youthful Offender Act. Patterson v. State, 408 So.2d 785 (Fla. 2d DCA 1982); Whitlock v. State, 404 So.2d 795 (Fla. 3d DCA 1981). The maximum sentence under the Act is six years with not more than four to be served by imprisonment. § 958.05, Fla. Stat. (1979). The court therefore erred in sentencing appellant to consecutive terms of probation for fifteen years and for life, with six years imprisonment to be served as a condition of probation on each charge. Because the Act's sentencing provisions are the exclusive sanctions that may be imposed for defendants classified as a youthful offender under the Act, the court also erred in imposing a minimum-mandatory three year term of imprisonment. § 958.05(3), Fla. Stat. (1979); Whitlock.
We affirm the third sentence of fifteen years incarceration. Appellant incorrectly contends that the court erred in not sentencing him under the Youthful Offender Act on the third robbery charge. Not only does the existence of two or more contemporaneous felony convictions preclude mandatory classification under the Act, State v. Goodson, 403 So.2d 1337 (Fla. 1981), but where there is simultaneous sentencing for two or more crimes at one hearing, the decision to sentence the defendant as a youthful offender rests within the sound discretion of the trial court. Miller v. State, 411 So.2d 290 (Fla. 1st DCA 1982).
The state argues that appellant is precluded from bringing this appeal because he raised the issues by a motion to set aside sentence instead of bringing a direct appeal. We disagree. Unauthorized sentences, such as the ones in this case, are always subject to collateral attack. Fla.R. Crim.P. 3.850; Skinner v. State, 366 So.2d 486 (Fla. 3d DCA 1979).
Accordingly, we reverse appellant's first two robbery sentences and remand for resentencing. The judgments and sentences are affirmed in all other respects.
Reversed and remanded.
DANAHY, A.C.J., and CAMPBELL and SCHOONOVER, JJ., concur.