W. SHARP, Judge.
Kuey filed a Motion for Post-Conviction Relief pursuant to Florida Rule of Criminal Procedure 3.850, alleging that he received an illegal sentence when he was sentenced as a youthful offender to four years incarceration, followed by two years community control, to run concurrently with ten years probation for multiple criminal offenses. The trial court determined that the rule 3.850 motion was without merit, denying the motion without an evidentiary hearing and without attaching portions of the record to refute the defendant’s claims. We disagree and reverse.
The Youthful Offender Act, section 958.-04(2), Florida Statutes (1989), limits a youthful offender sentence to a period not to exceed six years, including no more than four years incarceration and two years community control. See also State v. Gibron, 478 So.2d 475 (Fla.2d DCA 1985) (sentence of ten years probation is illegal under the Youthful Offender Act), Maham v. State, 438 So.2d 164 (Fla. 5th DCA 1983) (youthful offender sentences of seven years incarceration and ten years probation *287 are illegal). Since the grounds raised in Kuey’s Motion for Post-Conviction Relief are legally sufficient, the trial judge erred in denying the Motion for Post-conviction Relief. See Kennedy v. State, 547 So.2d 912 (Fla.1989); Gorham v. State, 521 So.2d 1067 (Fla.1988).
We remand for further proceedings pursuant to rule 3.850. The trial judge may attach portions of the record refuting Kuey’s allegations, or conduct an evidentia-ry hearing, or grant the relief requested.
REVERSED AND REMANDED.
COWART and HARRIS, JJ. concur.