702 So.2d 257 (1997)
Robert PORTER, Appellant,
v.
STATE of Florida, Appellee.
No. 97-0258.
District Court of Appeal of Florida, Fourth District.
December 3, 1997.
*258 Richard L. Jorandby, Public Defender, and Christine Sciarrion, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Melynda Melear, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
The appellant appeals his sentence for robbery with a deadly weapon and battery, in violation of sections 812.13(2)(a) and 784.03, Florida Statutes (1995), respectively. We reverse the sentence since the trial court erred by imposing a three-year minimum mandatory for use of a firearm.
After determining that the appellant was not amenable to juvenile sanctions, the trial court sentenced the appellant to three years incarceration, pursuant to the Youthful Offender Act, chapter 958, Florida Statutes (1995), with three years probation to follow, along with a three-year minimum mandatory sentence for use of a firearm.
Section 958.04(2), Florida Statutes (1995), provides that a sentence imposed thereunder is "[i]n lieu of other criminal penalties authorized by law." Defendants sentenced under the Youthful Offender Act may not also be subjected to a minimum mandatory sentence. See Jones v. State, 588 So.2d 73 (Fla. 4th DCA 1991); Salazar v. State, 544 So.2d 313 (Fla. 2d DCA 1989). The improper imposition of a minimum mandatory sentence, "because of its inherent potential of causing or requiring `a defendant to be incarcerated... for a greater length of time than provided by law in the absence of ... [a] sentencing error' constitutes fundamental error." Whitehead v. State, 446 So.2d 194, 197 (Fla. 4th DCA 1984)(quoting Reynolds v. State, 429 So.2d 1331, 1333 (Fla. 5th DCA 1983)). The trial court's imposition of a minimum mandatory was fundamental error in the present case, and, accordingly, must be reversed.
The appellant also appeals the trial court's imposition of a $2.00 special court costs fee, pursuant to section 943.25(13), Florida Statutes (1995). We do not address this issue since it was not preserved for appeal. Because the appellant was sentenced on January 3, 1997, the amendments to Florida Rule of Criminal Procedure 3.800 apply. See Amendments to Florida Rule of Appellate Procedure 9.020(g) and Florida Rule of Criminal Procedure 3.800, 675 So.2d 1374, 1375 (Fla.1996)(effective date was July 1, 1996).
Florida Rule of Appellate Procedure 9.140(d) provides that a sentencing error may not be raised on appeal unless the defendant brought the error to the attention of the trial court, either by contemporaneously objecting at sentencing or by filing a 3.800(b) motion to correct the sentencing error within thirty days of the rendition of the sentence. Since the appellant did neither in the present case, he waived his appeal as to the discretionary court costs. See Fla.R.App.P. 9.140(d); Middleton *259 v. State, 689 So.2d 304, 305-06 (Fla. 1st DCA 1997).
We reverse the trial court's imposition of the minimum mandatory sentence and remand for correction of a clerical error in the court's judgment which states that the appellant pled nolo contendere when, in fact, he was adjudicated guilty after a full nonjury trial. See Hopkins v. State, 697 So.2d 1009 (Fla. 4th DCA 1997).
Reversed and remanded for correction of sentence and of clerical error.
GLICKSTEIN, DELL and WARNER, JJ., concur.