W. SHARP, Judge.
Gordon appeals from the trial court’s order which summarily denied his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. On appeal, he presents four issues. The trial judge addressed each on the merits. We affirm.
Gordon first asserts he did not understand that at sentencing he could later challenge the judgment and sentence being heard on mitigation. He claims that he received affirmative misadvice but actually only alleges that he merely “misunderstood” what the trial court informed him. In any event, he has failed to allege prejudice for purposes of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
Second Gordon alleges he thought he was entering a plea to simple robbery rather than armed robbery because the count *1070 charging possession of a firearm by a convicted delinquent was dropped. However, it appears Gordon, in effect, is challenging the sufficiency of the information, since he actually argues he did not in fact possess a firearm as charged. His claim is not cognizable under rule 3.850.
Third, Gordon alleges he misunderstood the appeal process and did not know he had a time limit in which to file a notice of appeal. As the trial court points out in its order, Gordon is not entitled to relief on this claim under rule 3.850 because, pursuant to Florida Rule of Appellate Procedure 9.140(j), requests for belated appeals must be filed directly with the appellate court as a petition for writ of habeas corpus.
Fourth, Gordon alleges the three year minimum mandatory sentence he received for use of a firearm is illegal because he was also sentenced as a youthful offender. The trial court acknowledged this claim may have merit. See Porter v. State, 702 So.2d 257 (Fla. 4th DCA 1997). However, pursuant to Maddox v. State, 708 So.2d 617, 23 Fla. L. Weekly D720 (Fla. 5th DCA 1998), sentencing errors will not be addressed unless the issue is preserved for review either by objection in the trial court or by motion filed pursuant to Florida Rule of Criminal Procedure 3.800(b).
AFFIRMED.
GOSHORN and PETERSON, JJ., concur.