719 So.2d 963 (1998)
Gaynett POWELL a/k/a Omar Brown, Appellant,
v.
STATE of Florida, Appellee.
No. 97-1022.
District Court of Appeal of Florida, Fourth District.
October 14, 1998.
Richard L. Jorandby, Public Defender, and Joseph R. Chloupek, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant Gaynett Powell a/k/a Omar Brown was indicted for first degree murder with a firearm and carrying a concealed firearm. Following a jury trial, appellant was found guilty of the lesser included offense of murder in the second degree and guilty of carrying a concealed firearm as charged. Appellant appeals from the judgment of conviction and sentence. We have considered those assertions of error upon which appellant challenges his judgment of conviction but conclude that we need address only appellant's argument that the trial court erroneously imposed a 3-year mandatory minimum sentence for use of a firearm. On this issue, we agree that it was error to impose the firearm mandatory minimum absent the requisite jury finding that appellant used a firearm.
At trial, several witnesses testified that they saw appellant enter the Sixteen Street Flea Market Barbershop in Lauderhill, Florida, around noon on December 28, 1995, carrying a shotgun. He fired several shots inside the barbershop. Everyone fled the area, but a few, including the owner of the barbershop, Floyd Taylor, chased appellant. Shortly thereafter, appellant shot Taylor in the head in full view of numerous witnesses. Several of these witnesses identified appellant *964 as the gunman in a police lineup and later in court.
The jury found appellant guilty of the lesser-included offense of second degree murder. However, the verdict did not include a specific finding that appellant used a firearm in committing the murder. At sentencing, the trial court imposed a sixty-year term of imprisonment with a three year firearm mandatory minimum term. The state concedes, and we agree, that the mandatory minimum term for use of a firearm was erroneously imposed in the absence of a jury finding that appellant used a firearm. See State v. Hargrove, 694 So.2d 729 (Fla. 1997); Bowser v. State, 638 So.2d 1042, 1043 (Fla. 1st DCA 1994). We reject, however, the state's argument that we are precluded from reviewing this sentencing error on appeal since appellant failed to preserve the issue by objecting to the mandatory minimum at sentencing or filing a motion to correct the sentence. See § 924.051(3), Fla. Stat. (Supp. 1996); Fla. R.App. P. 9.140(d); Fla. R.Crim. P. 3.800(b); Cf. Gordon v. State, 717 So.2d 1069, 23 Fla. L. Weekly D1922 (Fla. 5th DCA 1998). The improper imposition of the mandatory minimum term constituted fundamental error. See Porter v. State, 702 So.2d 257 (Fla. 4th DCA 1997); Whitehead v. State, 446 So.2d 194 (Fla. 4th DCA 1984). Porter explained that:
The improper imposition of a minimum mandatory sentence, "because of its inherent potential of causing or requiring `a defendant to be incarcerated ... for a greater length of time than provided by law in the absence of ... [a] sentencing error' constitutes fundamental error."
Id. at 258 (citing Whitehead v. State) (quoting Reynolds v. State, 429 So.2d 1331, 1333 (Fla. 5th DCA 1983)).
Accordingly, we affirm appellant's judgment of conviction and sentence in all other respects but reverse the imposition of the three year minimum mandatory sentence and remand with directions to delete the three year mandatory minimum term on the second degree murder count.
REVERSED IN PART AND REMANDED WITH DIRECTIONS.
KLEIN and TAYLOR, JJ., and LABARGA, JORGE, Associate Judge, concur.