PER CURIAM.
We affirm the denial of appellant’s motion for judgment of acquittal on the charge of carrying a concealed firearm. See L.G. v. State, 693 So.2d 1020, 1021 (Fla. 3rd DCA), rev. denied, 700 So.2d 686 (Fla.1997); see also State v. Dorelus, 23 Fla. L. Weekly D1831, D1831, 720 So.2d 543 (Fla. 4th DCA 1998).
We reverse the order imposing a mandatory minimum sentence since appellant’s crime of carrying a concealed firearm did not statutorily provide for such a sentence. See *890 § 775.087, Fla. Stat. (1997); Anderson v. State, 690 So.2d 749, 750 (Fla. 5th DCA 1997). Due to the potential of requiring appellant to be incarcerated for a greater amount of time than that permitted by law, the improper imposition of a mandatory minimum term constitutes fundamental error. See Powell v. State, 23 Fla. L. Weekly D2310, D2310, 719 So.2d 963, 964 (Fla. 4th DCA 1998); see also Porter v. State, 702 So.2d 257, 258 (Fla. 4th DCA 1997); Whitehead v. State, 446 So.2d 194, 197 (Fla. 4th DCA 1984).
Affirmed in part; reversed and remanded for correction of sentence.
GUNTHER and WARNER, JJ., and OWEN, WILLIAM C., Jr., Senior Judge, concur.