744 So.2d 1225 (1999)
Dwayne BRYANT, Appellant,
v.
STATE of Florida, Appellee.
No. 99-0220.
District Court of Appeal of Florida, Fourth District.
November 10, 1999.
Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ettie Feistmann, Assistant Attorney General, West Palm Beach, for appellee.
*1226 TAYLOR, J.
Appellant, Dwayne Bryant, was charged with attempted first degree murder (Count I) and shooting into an occupied building (Count II). Following a jury trial, he was found guilty on Count I of attempted second degree murder with a firearm and guilty as charged on Count II, shooting into an occupied dwelling. Appellant was sentenced to concurrent terms of 100.9 months in prison, with a three-year mandatory minimum sentence on each count, pursuant to section 775.087(2), Florida Statutes (1997). We affirm appellant's conviction but reverse the imposition of the three-year mandatory minimum sentence on the attempted second degree murder count.
The information charging attempted first degree murder in Count I did not allege that the offense was committed with a firearm. The jury returned a guilty verdict on the lesser included charge of attempted second degree murder, and, by a special verdict, determined that appellant used a firearm in the commission of this offense.
We have held that "[i]n order for a three year mandatory minimum to apply on `a conviction pursuant to section 775.087(2), the state must allege in the information and prove at trial that the defendant possessed a `firearm' or `destructive device' during the commission of the crime." Gibbs v. State, 623 So.2d 551, 555 (Fla. 4th DCA 1993); see also Peck v. State, 425 So.2d 664 (Fla. 2d DCA 1983). No such firearm allegation or reference to section 775.087(2) was made in the information to put appellant on notice that he was being charged in Count I "with the use of a firearm" and faced potential imposition of a three-year mandatory minimum sentence. Count I, in its entirety, alleged that on:
April 20, 1998 Dwayne Demond Bryant did unlawfully, with a premeditated design to effect the death of any human being, attempt to kill and murder ORLITA KELLY, a human being, in violation of Florida Statute 782.04(19)(a) and 777.04.
Although appellant failed to object to the mandatory minimum term at the time of sentencing or file a timely motion to correct the sentence, the improper imposition of a mandatory minimum term constitutes fundamental error. Nelson v. State, 722 So.2d 889 (Fla. 4th DCA 1998); Powell v. State, 719 So.2d 963 (Fla. 4th DCA 1998); Porter v. State, 702 So.2d 257 (Fla. 4th DCA 1997); Gibbs v. State, 623 So.2d 551 (Fla. 4th DCA 1993); Whitehead v. State, 446 So.2d 194 (Fla. 4th DCA 1984); Cox v. State, 530 So.2d 464 (Fla. 5th DCA 1988). Thus, the error may be raised for the first time on appeal. See State v. Mancino, 714 So.2d 429 (Fla.1998).
Although Count II charged appellant with shooting into an occupied building, the state cannot use allegations of use of a firearm in another count of the information to support imposition of the mandatory minimum term on Count I. See State v. McKinnon, 540 So.2d 111 (Fla.1989), receded from on other grounds by, State v. Roberts, 661 So.2d 821 (Fla.1995); Helmick v. State, 569 So.2d 869 (Fla. 2d DCA 1990).
The state argues that the imposition of the mandatory minimum sentence is appropriate based on the supreme court's holding in State v. Overfelt, 457 So.2d 1385 (Fla.1984), and its progeny. See Tucker v. State, 726 So.2d 768 (Fla.1999); State v. Hargrove, 694 So.2d 729 (Fla.1997); State v. Tripp, 642 So.2d 728 (Fla.1994). However, Overfelt and the line of cases that followed are inapposite in that they mainly addressed the requirement that a jury specifically find that the defendant committed the crime while using a firearm, either by finding the defendant guilty of a crime which involved a firearm or by a special verdict form indicating use of a firearm. They did not answer the question whether there needed to be allegations in the charging document that the defendant possessed *1227 a firearm during the commission of the crime.
In Hargrove, unlike the instant case, there was an allegation in the charging document that the defendant committed murder by shooting the victim with a firearm. 694 So.2d at 730. The certified question which the supreme court answered in Hargrove presupposed proper allegations concerning the use of a firearm and merely addressed the sufficiency of the jury verdict. The question read:
WHEN A DEFENDANT CHARGED WITH COMMITTING A CRIME WITH THE USE OF A FIREARM DOES NOT CONTEST ITS USE AND INSTEAD DEFENDS ON THE GROUND THAT HE WAS INSANE WHEN HE USED THE FIREARM AND THE RECORD IS CLEAR BEYOND ANY DOUBT THAT DEFENDANT DID ACTUALLY USE THE FIREARM MAY THE SENTENCING JUDGE IMPOSE THE MANDATORY MINIMUM SENTENCE FOR USE OF A FIREARM WITHOUT A SPECIFIC FINDING OF THAT FACT BY THE JURY?
Id. (emphasis added).
The court held that, despite clear and uncontested evidence that Hargrove used a firearm, his sentence could not be enhanced absent a jury verdict which specifically referred to the use of a firearm by special verdict form, interrogatory, or by reference "to the information where the information contained a charge of a crime committed with the use of a firearm." Id. at 731. Thus, the issue in Hargrove and other cases cited by the state involved deficiencies in a jury verdict form that made no reference to a firearm, not inadequacies of an information that failed to charge the defendant with use of a firearm. Gibbs v. State, previously cited, bears more directly on this issue. In that case, we reversed the imposition of a minimum three-year sentence for a kidnaping conviction where the state failed to allege in the information that the defendant possessed a firearm or other destructive device during commission of the kidnaping.
For the reasons stated above, we reverse the sentence imposed on Count I and remand with directions to delete the three-year mandatory minimum term on the attempted second degree murder conviction.
AFFIRMED in part, REVERSED in part, and REMANDED.
POLEN and GROSS, JJ., concur.