835 So.2d 348 (2003)
Jonathon MENDEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-3822.
District Court of Appeal of Florida, Fourth District.
January 22, 2003.
Stephen J. Finta of Law Offices of Stephen J. Finta, P.A., Fort Lauderdale, for appellant.
Charlie Crist, Attorney General, Tallahassee, and Monique E. L'Italien, Assistant Attorney General, West Palm Beach, for appellee.
*349 STONE, J.
Mendez was declared a youthful offender following a no contest plea on a charge of trafficking in MDMA. On appeal, he contests that part of the sentence imposing a three-year minimum mandatory term and a $50,000 fine. We reverse.
The trial court erred in sentencing Mendez to a mandatory minimum term of three years and imposing the $50,000 fine after declaring him to be a youthful offender. Although section 893.135, Florida Statutes, under which Mendez was charged, authorizes such penalties, the youthful offender statute does not provide for mandatory minimum terms or the imposition of fines in sentencing youthful offenders. § 958.04(2)(d), Fla. Stat. (2001).
The Youthful Offender Act is a separate statutory scheme for treating young defendants to whom the Act applies. A sentence imposed under the Act is "[i]n lieu of other criminal penalties authorized by law...." § 958.04(2), Fla. Stat. (2001). The sentencing provisions of the act are the exclusive sanctions that may be imposed in a youthful offender sentence. Jones v. State, 588 So.2d 73, 74 (Fla. 4th DCA 1991)(holding that trial court erred in imposing mandatory minimum sentence on defendant who was also sentenced as youthful offender). Once a court classifies a defendant as a youthful offender, it is prohibited from imposing sanctions other than those of the Youthful Offender Act. See Dean v. State, 476 So.2d 318 (Fla. 2d DCA 1985)(trial court erred in imposing a three year mandatory minimum term of imprisonment on a defendant classified as a youthful offender); Patterson v. State, 408 So.2d 785 (Fla. 2d DCA 1982)(defendant who was adjudicated guilty of burglary and armed robbery could not be given mandatory three years imprisonment pursuant to statute providing for such sentence as a minimum for defendants convicted of specified offenses, because the sentencing provisions of the Youthful Offender Act were the exclusive penalties available to the sentencing judge); Waugh v. State, 406 So.2d 1238 (Fla. 2d DCA 1981) (remanding case so that youthful offender would not be re-sentenced in excess of maximum allowed under Youthful Offender Act). Here, where Mendez was declared a youthful offender, the court was prohibited from imposing the mandatory minimum sentence and the fine where neither sanction is authorized by the Youthful Offender Act.
The fact that the sentence imposed here does not exceed the maximum allowed under the Act does not affect the result. We have considered Porter v. State, 702 So.2d 257 (Fla. 4th DCA 1997), which recognized that a mandatory minimum was improper when combined with a youthful offender sentence that exceeded the statutory maximum under the Youthful Offender Act. Id. at 257. However, Porter did not recognize a separate rule, it merely applied the general rule to the facts of that case; the rule being that once a defendant is classified as a youthful offender, the court is prohibited from imposing sanctions other than those of the Youthful Offender Act. Id.
The record reflects that the sentencing error was preserved. We also reject the contention that any error, here, was harmless. See Trent v. State, 403 So.2d 1131 (Fla. 4th DCA 1981)(harmless error did not apply where youthful offender was sentenced to a three year minimum term of imprisonment under section 775.087).
We remand with directions that the trial court strike those portions of the sentence making the three year sentence mandatory and imposing a $50,000 fine.
WARNER and MAY, JJ., concur.