PER CURIAM.
The defendant, Terrance Aikens, appeals from a re-sentencing on his convictions for conspiracy to traffic in cocaine (“Count 1”), attempted first degree murder (“Count 2”), and armed robbery with a firearm (“Count 3”). We affirm, in part, and reverse, in part.
The defendant contends that the trial court erred in imposing a firearm minimum-mandatory sentence on Count 2 for the attempted first degree murder conviction because the information filed against him did not allege that he committed the attempted murder with a firearm. See, e.g., Bryant v. State, 744 So.2d 1225 (Fla. 4th DCA 1999)(holding that a firearm minimum-mandatory sentence may only be imposed if the information charging the defendant with attempted first degree murder alleges that the defendant possessed a firearm during the commission of the crime).
The State contends that the trial court intended to impose the firearm minimum-mandatory sentence on Count 3. In support of its position, the State relies on the May 13, 2004 re-sentencing hearing, where the following statements were made:
THE COURT: So that one, both sides agree that the minimum on Count 2, attempted first degree murder, is 12 years and the maximum is 27 years?
[DEFENSE COUNSEL]: Correct.
THE COURT: With no three year minimum mandatory, (emphasis added).
*564 [DEFENSE COUNSEL]: Correct. That is what we would submit.
THE COURT: [Prosecutor], is that what you agree with as to Count 2?
[PROSECUTOR]: Yes.
THE COURT: Moving to Count 3, it is armed robbery with a firearm and this one it was alleged with a firearm.
[[Image here]]
THE COURT: All right. So that would be the same 12 to 27 years with a three year minimum mandatory, (emphasis added).
Contrary to the re-sentencing hearing, in its August 13, 2004 written order, it appears that the trial court mistakenly imposed the firearm minimum-mandatory sentence on Count 2 instead of Count 3.
We remand for re-sentencing with the instruction that a firearm minimum-mandatory sentence may not be imposed on Count 2.
We find no merit to the defendant’s remaining claims.
Affirmed, in part; reversed, in part; and remanded.