FARMER, J.
An unarmed minor child burglarized a home and, among other things, took two hand guns. The charging document alleged only that he committed two counts of grand theft of a firearm. Neither count alleged that in stealing the firearms he possessed or used a firearm. He pleaded guilty to the crimes as charged and reserved his right to challenge a search. On appeal he also challenges the disposition (i.e. the sentence) increasing the standard penalty to 15 days of secure detention.[1]
The Juvenile Delinquency Code, now part of the Criminal Code of the State of Florida, states that among its purposes are these: “To provide judicial and other procedures to assure due process through which children ... are assured ... enforcement of them constitutional and other legal rights....”[2] In M.F. v. State, 583 So.2d 1383 (Fla.1991), the court made clear that:
“due process of law requires the state to allege every essential element when charging a violation of law, either in adult criminal or juvenile proceedings, to provide the accused with notice of the allegations. Art. I, § 9, Fla. Const.; see, e.g., State v. Rodriguez, 575 So.2d 1262 (Fla.1991); accord In re Gault, 387 U.S. 1, 31-34, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967).” [e.s.]
583 So.2d at 1385-86. Our supreme court was obviously carrying out the holding of In re Gault:
“Due process of law requires notice ... which would be deemed constitutionally adequate in a ... criminal proceeding. It does not allow a hearing to be held in which a youth’s freedom and his parents’ right to his custody are at stake without giving them timely notice, in advance of the hearing, of the specific issues that they must meet.”[3] [e.s., c.o.]
Gaidt explained: “the observance of due process standards, intelligently and not ruthlessly administered, will not compel the States to abandon or displace any of the substantive benefits of the juvenile process.”[4]
Our state supreme court has made clear that “[no] child can be placed in the status of a delinquent unless all provisions relating to delinquency are followed and all required due process rights are accorded.” [5] [e.s.] It is equally settled that due process will not permit a juvenile to be adjudged delinquent on the basis of violations of law not alleged in the petition of delinquency.[6] And, as we ourselves have said: “[i]t is axiomatic that a sentence can be molded to fit the crime, but the crime cannot be molded to fit the sentence.”[7] [e.s.]
With these background principles in hand we turn to the statute employed by the trial judge in this case. The pertinent provisions of § 790.22(9) state:
“Notwithstanding s. 985.245, if the minor is found to have committed an offense that involves the use or possession of a firearm, as defined in s. 790.001, other than a violation of subsection (3), or an offense during the commission of which *588 the minor possessed a firearm, and the minor is not committed to a residential commitment program of the Department of Juvenile Justice, in addition to any other punishment provided by law, the court shall order ... (a) for a first offense, that the minor shall serve a minimum period of detention of 15 days in a secure detention facility ...” [e.s.]
The statute does not specify that it applies when the subject of the theft is a firearm. Rather its express term is use or possession of a firearm in the commission of an offense. The question presented in this case is therefore whether the statute applies when the petition neither cited the statute nor alleged that, in committing the theft, the child used or possessed a firearm.
In State v. Overfelt, 457 So.2d 1385, 1387 (Fla.1984), the court held that to enhance a sentence because of a defendant’s use of a firearm, the jury must find the defendant guilty of a crime involving a firearm or otherwise specifically find that a firearm was used.[8] Similarly, in State v. Hargrove, 694 So.2d 729, 730 (Fla.1997), the court held that even where evidence regarding the use of a firearm is uncontradicted, a jury must still make that finding if a mandatory minimum sentence is to be imposed. In State v. Estevez, 753 So.2d 1 (Fla.1999), the court held that even where the evidence is uncontroverted, to sentence a defendant to a minimum mandatory sentence for trafficking, the jury must make express findings of the amount of cocaine involved.
In Galindez v. State, 955 So.2d 517 (Fla.2007), our court recognized that the United States Supreme Court has itself now made clear that:
“Except for the fact of a prior conviction, a judge may not find any fact that exposes a defendant to a sentence exceeding the relevant statutory maximum, unless that fact inheres in the verdict, the defendant waives the right to a jury finding, or the defendant admits the fact.”
955 So.2d at 519. In Jones v. United States, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999), the Court held that the Due Process Clause and Sixth Amendment’s notice and jury trial guarantees require that any fact other than prior conviction that increases the maximum penalty for a crime must be charged in an indictment. In Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the Court held that, other than the fact of a prior conviction, any fact that increases the penalty for crime beyond prescribed statutory maximum must be submitted to jury and proved beyond reasonable doubt. In Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), the Court held that the relevant statutory maximum is not the most severe sentence a judge may impose after finding additional facts but is instead simply the maximum available based on the charge and verdict dr plea without additional findings. In Blakely the Court noted that “an accusation which lacks any particular fact which the law makes essential to the punishment is ... no accusation within the requirements of the common law, and it is no accusation in reason. ...”[9]
*589 State law now recognizes a broadly applicable Constitutional rule about punishment: the accused must be given notice in the charging document of any fact on which a sentencing enhancement will be based. See Bryant v. State, 744 So.2d 1225, 1226 (Fla. 4th DCA 1999) (imposition of minimum three-year sentence for conviction of attempted second-degree murder with a firearm required reversal, where state failed to allege in information that defendant was being charged with use of a firearm and faced potential imposition of a three-year mandatory minimum sentence); Altieri v. State, 835 So.2d 1181, 1183 (Fla. 4th DCA 2002) (absence of any allegation in the information that defendant “discharged” a firearm or destructive device during aggravated assault deprived defendant of notice that he was subject to a mandatory minimum sentence of 20 years for aggravated assault based on the discharge of the firearm); Davis v. State, 884 So.2d 1058, 1059 (Fla. 2d DCA 2004) (holding that imposition of sentencing enhancement for use of firearm during commission of offense was illegal in aggravated battery prosecution, where information failed to charge defendant with element of enhancement that defendant caused death or great bodily harm). The State has brought to our attention nothing in any statute that would dispense with the due process requirement of notice to support a sentencing enhancement in juvenile delinquency cases.
As all the above cases make apparent, the charging document serves an important purpose beyond merely alleging the elements of the crime charged. These cases hold that the charging document must also support the sentence imposed after a finding of guilt. Hence it is irrelevant to the disposition issue that the petition in this case charged all the elements of grand theft. The present issue involves the penalty that may be properly inflicted for the crime actually charged in the petition: the standard penalty or an enhanced penalty depending on facts in addition to the crime’s raw elements that were not alleged. Plainly under the above authorities, the only penalty that may be imposed is the one allowed by a charge lacking the facts supporting a § 790.22(9) enhancement.
It is argued that § 790.22(9) is couched in mandatory terms and that these due process principles do not apply in this juvenile delinquency case. The contention is that § 790.22(9) is “designed to get the immediate attention of all juveniles and to issue a “wake-up call’ that the state deems their firearm offenses to be serious enough to warrant the automatic deprivation of their liberty for a period of time, even on a first offense.” State v. J.Z., 957 So.2d 45, 46-47 (Fla. 3d DCA 2007) (quoting T.M. v. State, 689 So.2d 443, 446 (Fla. 3d DCA 1997)).[10] But the child in J.Z. was charged and found guilty of carrying a concealed weapon and possession of a firearm by a minor. In other words — unlike the case we face today — the child was charged with the very predicate fact required by § 790.22(9): in committing his offense he possessed a firearm. Nothing in J.Z. supports a holding that § 790.22(9) may be employed in spite of the absence of notice in the charging document of the facts supporting the enhanced punishment.

Reversed.

*590 CIKLIN, J., concurs specially with opinion.
HAZOURI, J., dissents with opinion.

. We affirm on the issue involving the search without further comment.

. § 985.01(1)(a), Fla. Stat. (2008).

. 387 U.S. at 33-34, 87 S.Ct. 1428.

. 387 U.S. at 21, 87 S.Ct. 1428.

. D.T.H. v. State, 348 So.2d 1155, 1157 (Fla.1977).

. D.M.M. v. State, 275 So.2d 308 (Fla. 2d DCA 1973).

. In Interest of S.L.D., 394 So.2d 1072 (Fla. 4th DCA 1981).

. No one disputes that a factual issue submitted to a jury for resolution must first be alleged in the charging document.

. 542 U.S. at 301-02, 124 S.Ct. 2531; see also Cunningham v. California, 549 U.S. 270, 127 S.Ct. 856, 166 L.Ed.2d 856 (2007) (sentencing judge may not rely on aggravating factors not inherent in verdict or embraced by defendant's plea).

. Gault took notice of the following, however: " 'Unless appropriate due process of law is followed, even the juvenile who has violated the law may not feel that he is being fairly treated and may therefore resist the rehabili-talive efforts of court personnel.’ " 387 U.S. at 26, 87 S.Ct. 1428 (quoting Juvenile Delinquency — Its Prevention and Control (Russell Sage Foundation, 1966), p. 33).