CIKLIN, J.,
concurring specially.
I join the majority opinion but write separately to address- the dissent, which claims that our holding in State v. S. T., 803 So.2d 782 (Fla. 4th DCA 2001) was ignored by the majority and warrants a different outcome in this case.
In S. T, a juvenile was adjudicated delinquent for grand theft and burglary of a dwelling when he stole, among other things, two firearms. Id. While awaiting adjudication, he was placed on community control under the Department of Juvenile Justice and as a result, was given a full 15 days credit toward the minimum mandatory 15 days detention at the time the court finally disposed of the case. Id. This court reversed the 15 days credit, holding that strict application of section 790.22(9) requires an additional and separate minimum mandatory 15 days of secure detention after adjudication. Id. at 783.
As such, the facts in S. T. are inapposite. Unlike the instant case, S.T. did not involve any type of allegation that the juvenile lacked notice of the 15 day mandatory detention if found to have committed an offense that involves the use or possession of a firearm. The S.T. court reversed because the plain language of 790.22(9) strictly prohibits a minor from receiving credit for time served before adjudication. Id.
Although cases cited by the dissent suggest section 790.22(9)’s mandatory sentence serve to deter delinquent acts involving firearms, these cases do not suggest the statute’s legislative intent goes so far as to usurp quite basic principles of due process.
As noted by the majority, “due process of law requires the state to allege every essential element when charging a violation of law, either in adult criminal or juvenile proceedings, to provide the accused with notice of the allegations.” M.F. v. State, 583 So.2d 1383, 1385-86 (Fla.1991) (citation omitted).
A juvenile receives notice of the crimes charged and automatic enhanced penalties that will follow by way of a specifically charged petition for delinquency, not from conjecture surrounding the acts that led to its filing. See D.M.M. v. State, 275 So.2d 308 (Fla. 2d DCA 1973). As suggested in the majority opinion, a sentence can be molded to fit the crime, but the crime cannot be molded to fit the sentence.
Since the subject charging document failed to use the words necessary to trigger an automatic penalty enhancement, B.O.’s sentence for grand theft of a firearm was not subject to that automatic enhancement, after the fact. See Bryant v. State, 744 So.2d 1225, 1226 (Fla. 4th DCA 1999).
The majority’s holding in this case imposes no new, additional or unjust requirements on the State. If the State seeks to “get the immediate attention of all juveniles and to issue a wake-up call” as referenced by the dissent, all it must do is simply add the words “and in so doing used or possessed a firearm” to its charging document. In my opinion, it is constitutionally impermissible to bury the “wake-up call” in an innocuous charge calling attention only to the crime alleged without setting forth, with specificity, the aggravating facts that will lead to an automatic deprivation of freedom. Contrary to the argument set forth by the State, the legally insufficient petition for delinquency filed in this case was not dose enough. I understand the basis of the dissent’s emphasis that juveniles are entitled to a “min *591 imum standard of due process” but not a “full panoply ... of rights.” Still, it is not too much to expect the State to carefully prepare a charging document which includes specific elements required for an automatic penalty enhancement. This is not an undue burden when justice and liberty hang in the balance, and I believe, included among those most minimum of due process standards afforded even to juveniles.