DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**A.G.,** a child,
Appellee.

No. 4D22-2193

[May 3, 2023]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carlos S. Rebollo, Judge; L.T. Case No. 21-000664-DL.

Ashley Moody, Attorney General, Tallahassee, and Anesha Worthy, Assistant Attorney General, West Palm Beach, for appellant.

Carey Haughwout, Public Defender, and Narine N. Austin, Assistant Public Defender, West Palm Beach, for appellee.

CONNER, J.

The State appeals the juvenile dispositions regarding the delinquency petition charging A.G. with grand theft of a firearm (Count I) and carrying a concealed firearm (Count II) for failure to impose a fifteen-day detention period pursuant to section 790.22(9), Florida Statutes (2020). We affirm without discussion the trial court's disposition as to the grand theft of a firearm charge but reverse the failure to impose a fifteen-day detention for the carrying a concealed firearm charge. We remand for imposition of the required detention period.

*Background*

A.G. was arrested after police found him carrying a loaded, unholstered firearm in his waistband during a traffic stop. Another firearm was discovered between the passenger seat occupied by A.G. and the center console. Police discovered that the firearm in A.G.'s waistband had been reported stolen.

The State filed a delinquency petition charging A.G. with grand theft of a firearm, carrying a concealed firearm, and possession of a firearm by a minor.  Count II, the count we address in this opinion, stated:

> COUNT II: [A.G.] on the 24th day of APRIL A.D. 2021 in the County and State aforesaid did then and there <u>unlawfully, and knowingly, carry on or about HIS person a concealed firearm</u>, contrary to F.S.[ ]790.01(2), THIRD DEGREE FELONY, CARRYING CONCEALED FIREARM . . . .

(Emphasis added).

A.G. pled no contest on all three counts charged against him.  At the plea hearing, the parties advised that they had agreed on all terms of the plea except the number of days A.G. was required to serve in secure detention.  The State argued that A.G. was required to serve a minimum of fifteen days in secure detention pursuant to section 790.22(9).  A.G. countered that his charges and charging document alleged nothing more than possession of a firearm, and therefore a three-day maximum applied under another subsection of the same statute, section 790.22(5).  As to Count II, A.G. argued that the delinquency petition did not allege "use" or "possession," and was therefore not sufficient to charge an offense imposing a fifteen-day detention.  The State countered that use or possession of a firearm was inherent in Count II.

Regarding the appropriate detention period, the trial court and counsel extensively discussed *State v. I.J.*, 258 So. 3d 473 (Fla. 4th DCA 2018), and *B.O. v. State*, 25 So. 3d 586 (Fla. 4th DCA 2009).  After considering the language of section 790.22 and the caselaw, the trial court concluded that the language in Count II was insufficient to put A.G. on notice that the State would be seeking the fifteen-day minimum enhancement under section 790.22(9)(a).

After accepting A.G.'s no contest plea, the trial court withheld adjudication of delinquency and placed A.G. on probation, imposing three days of secure detention.  The State gave notice of appeal.

*Appellate Analysis*

"The legality of a sentence is a question of law and is subject to de novo review." *I.J.*, 258 So. 3d at 475 (quoting *Flowers v. State*, 899 So. 2d 1257, 1259 (Fla. 4th DCA 2005)).  "We also review de novo a trial court's interpretation of a statute." *Id.* (quoting *State v. Sanchez*, 133 So. 3d 1038, 1040 (Fla. 4th DCA 2014)).

2

The sole issue we address is whether the trial court erred by imposing three days in secure detention for A.G. under Count II, instead of fifteen days. The State argues that A.G.'s offenses inherently involved the use or possession of a firearm within the meaning of section 790.22(9)(a), and therefore the fifteen-day enhancement applied. A.G. counters that, based on the language of the charging document, Count II does not sufficiently allege actual use or possession of a firearm to support the imposition of a fifteen-day detention.

Section 790.22(9)(a) imposes a fifteen-day minimum secure detention sanction for offenses that involve the use or possession of a firearm (beyond the offense of mere possession):

> Notwithstanding s. 985.245, if the minor is found to have committed <u>an offense that involves the use or possession of a firearm</u>, as defined in s. 790.001, other than a violation of subsection (3), or <u>an offense during the commission of which the minor possessed a firearm</u>, and the minor is not committed to a residential commitment program of the Department of Juvenile Justice, in addition to any other punishment provided by law, the court shall order:
>
> (a) For a first offense, that the minor shall serve a minimum period of detention of 15 days in a secure detention facility . . . .

§ 790.22(9), Fla. Stat. (2020) (emphasis added). Section 790.22(3) provides: "A minor under 18 years of age may not possess a firearm, other than an unloaded firearm at his or her home . . . ." § 790.22(3), Fla. Stat. (2020).

In contrast, section 790.22(5) provides a three-day maximum secure detention sentence for mere possession of a firearm:

> A minor who violates subsection (3) commits a misdemeanor of the first degree; for a first offense, may serve a <u>period of detention of up to 3 days in a secure detention facility</u> . . . .

§ 790.22(5)(a), Fla. Stat. (2020) (emphasis added).

The parties and the trial court relied primarily on *I.J.* In that case, I.J. acted as a lookout during a burglary. 258 So. 3d at 475. He entered a plea to four counts: armed burglary of a conveyance, grand theft of a

firearm, burglary of a conveyance, and resisting without violence. *Id.* The trial court declined to impose the section 790.22(9) fifteen-day enhancement because I.J. did not have actual possession of the firearm (only his accomplices had actual possession). *Id.*

On appeal, we determined that the fifteen-day enhancement applied for two reasons. First, because the charging document specified that I.J.'s accomplices armed themselves with firearms, the armed burglary charge inherently involved possession or use of a firearm. *Id.* at 477. Second, the section 790.22(9)'s plain language does not require actual use or possession.

Additionally, we considered whether I.J.'s charging document complied with due process principles. We explained that the law "now recognizes a broadly applicable Constitutional rule about punishment: the accused must be given notice in the charging document of any fact on which a sentencing enhancement will be based." *Id.* at 476 (quoting *B.O.*, 25 So. 3d at 589).

> [T]he charging document serves an important purpose beyond merely alleging the elements of the crime charged. [It] . . . must also support the sentence imposed after a finding of guilt. Hence it is irrelevant . . . that the petition in this case charged all the elements of grand theft. The present issue involves the penalty that may be properly inflicted for the crime actually charged in the petition: the standard penalty or an enhanced penalty depending on <u>facts in addition</u> to the crime's raw elements that were not alleged.

*Id.* (first alteration in original) (emphasis added) (quoting *B.O.*, 25 So. 3d at 589). We held that I.J.'s charging document provided him with sufficient notice because it stated that "'HE/THEY' armed 'HIMSELF/THEMSELVES,' clearly using the singular as well as the plural forms." *Id.* at 478.

Count II of the petition in the instant case alleged that A.G. "unlawfully, and knowingly, carr[ied] on or about HIS person a concealed firearm, contrary to F.S.[ ]790.01(2), THIRD DEGREE FELONY, CARRYING CONCEALED FIREARM." The trial court, citing *I.J.* and *B.O.*, ruled that this language did not trigger the fifteen-day enhancement because it did not "talk about us[ing] or possessing a firearm. It just says carrying." The State correctly argues that the trial court's reasoning was incorrect under *I.J.* and section 790.22.

The offense charged in Count II is carrying a concealed firearm. Section 790.01(2), Florida Statutes (2020)—the concealed carry statute—states that "a person who is not licensed under s. 790.06 and who carries a concealed firearm on or about his or her person commits a felony of the third degree." § 790.01(2), Fla. Stat. (2020). A "'[c]oncealed firearm' means any firearm . . . which is carried on or about a person in such a manner as to conceal the firearm from the ordinary sight of another person." § 790.001(2), Fla. Stat. (2020). The offense of "carrying" thus necessitates that the defendant is in possession of the concealed firearm. *See Possess*, Black's Law Dictionary (11th ed. 2019) ("To have in one's actual control; to have possession of.").

Section 790.22(9)(a) unambiguously supports the State's interpretation—that Count II need not actually use the words "use" or "possess" to qualify for the fifteen-year enhancement. The statute states that the enhancement is required only when a "minor is found to have committed an offense that <u>involves</u> the use or possession of a firearm . . . other than a violation of subsection (3)." § 790.22(9)(a), Fla. Stat. (2020) (emphasis added). A charging document is not required to use the exact same language as the statute. *See Price v. State*, 995 So. 2d 401, 405 (Fla. 2008) (approving of information that "alleged the essential elements of the crime . . . substantially in the language of the statute"). Nor does the statute require actual use or possession by the defendant. *See I.J.*, 258 So. 3d at 476-77. To the contrary, the statute only requires conviction of an offense that <u>involves</u> the use or possession of a firearm. Here, the trial court set a higher standard than the statute sets by suggesting that the State should have added "and in so doing used or possessed a firearm" to the petition.

In *B.O.*, we considered *State v. J.Z.*, 957 So. 2d 45, 46-47 (Fla. 3d DCA 2007), noting that

> the child in *J.Z.* was charged and found guilty of <u>carrying a concealed weapon and possession of a firearm by a minor</u>. In other words—unlike the case we face today—the child was <u>charged with the very predicate fact</u> required by § 790.22(9): in committing his offense he possessed a firearm.

*B.O.*, 25 So. 3d at 589 (emphasis added). Thus, we considered the same charge as in Count II here and held that the charging document sufficiently alleged possession for purposes of applying the fifteen-day enhancement.

Accordingly, the trial court erred when it found that the fifteen-day enhancement under section 790.22(9) did not apply to Count II. We reverse the trial court and remand for imposition of the secure detention requirement, with credit for any detention time served following the disposition hearing.[1]

*Affirmed in part, reversed in part, and remanded with instructions.*

GROSS and FORST, JJ., concur.

*　　*　　*

**Not final until disposition of timely filed motion for rehearing.**

---

[1] Section 790.22(9) prohibits awarding A.G. credit for any detention served before adjudication. *See* § 790.22(9), Fla. Stat. (2020) ("The minor shall not receive credit for time served before adjudication.").