377 So.2d 22 (1979)
In the Interest of C.J.W., a Child, Appellant.
No. 54362.
Supreme Court of Florida.
November 15, 1979.
*23 Andrew A. Graham, Cocoa, for appellant.
Jim Smith, Atty. Gen., and Charles W. Musgrove, Asst. Atty. Gen., West Palm Beach, for appellee.
BOYD, Justice.
This case is before the Court on appeal from a final judgment of the Circuit Court of the Eighteenth Judicial Circuit, in and for Brevard County, ordering that the child C.J.W. be surrendered to the custody of North Carolina authorities. In its order, the circuit court expressly upheld the constitutionality of article V of the Interstate Compact on Juveniles, section 39.26, Florida Statutes (1977). This Court has jurisdiction of the appeal. Art. V, § 3(b)(1), Fla. Const.
Article V of the compact provides the procedure for returning delinquent juveniles to the states from which they escaped from custody or absconded from probation or parole supervision. Pursuant to its provisions, a written requisition for the return of C.J.W. was filed in the court below. The child moved to dismiss the requisition on the ground that article V violates constitutional guarantees of equal protection and due process of law.
The child contends that he must be afforded the same procedural rights that are provided to adults in extradition proceedings under sections 941.01-.42, Florida Statutes (1977).
The power of a state to extradite an adult stems from article IV, section 2(2), United States Constitution and 18 U.S.C. § 3182. Florida, as well as the overwhelming majority of other states, has enacted the Uniform Interstate Extradition statute. §§ 941.01-941.42, Fla. Stat. (1977).[1] Juveniles, who are not considered to have committed crimes, are not extradited. Instead, section 39.26, Florida Statutes (1977), provides for one state to "requisition" a juvenile from another state.
C.J.W. complains that the Interstate Compact on Juveniles, unlike its adult counterpart, cannot meet constitutional muster. Specifically, the juvenile argues that article V of that act lacks safeguards guaranteed by the United States and Florida Constitutions: (1) it does not require a request by the executive authority of the demanding state (the governor does not investigate); (2) it does not require verification of the charging document or order of commitment by the governor or chief magistrate of the demanding state (thus the juvenile gets no authenticated copies of the charge supported by affidavits); (3) it allows for detention pending disposition of the requisition (no right to bail); (4) juveniles have no right to challenge the legality of the proceeding; (5) juveniles have no right to an independent probable cause determination; (6) juveniles have no right to challenge identity; and (7) juveniles have no protection of service of process in civil matters.
The child maintains that these safeguards must be extended to juveniles before *24 the challenged statute can be held valid. Such an argument fails to appreciate the difference between a juvenile offender and an adult criminal. While we are making no ruling as to the truth of C.J.W.'s complaints, we note that certain significant distinguishing characteristics justify the differences of approach and procedure between the juvenile justice system and the criminal justice system. A child offender, even after being adjudged delinquent, is never held to be a criminal, even if the act would be considered a crime if committed by an adult. The key to this difference in approach lies in the juvenile justice system's ultimate aims. Juveniles are considered to be rehabilitatable. They do not need punishment. Their need lies in the area of treatment. Therefore, while a juvenile whose liberty the state seeks to restrain must be afforded a certain minimum standard of due process, it has never been held that he enjoys the full panoply of procedural rights to which one accused of a crime is entitled. Breed v. Jones, 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975); In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967).
The differences of treatment between section 39.26 and the adult extradition statute are supported by the differences between adults and children and the differences between the objectives of the criminal and juvenile justice systems. We hold that section 39.26 does not deny equal protection.
The procedural safeguards provided to an escaped or absconded delinquent juvenile whose return is sought under article V are adequate and do not deny due process of law.
Accordingly, the judgment of the circuit court is affirmed.
It is so ordered.
ADKINS, OVERTON, and ALDERMAN, JJ., concur.
ENGLAND, C.J., and SUNDBERG, J., dissent.
NOTES
[1] Ch. 20460, Laws of Fla. (1941).