PER CURIAM.
S.L.D., a juvenile, was charged with robbery. At the conclusion of the adjudicatory hearing, the court announced its finding that the child had committed the lesser included offense of petty larceny.[1] The court then began the disposition process at which point defense counsel reminded the court that Section 39.11(3), Florida Statutes (1979), had the effect of limiting the term of commitment to sixty days since the statute specifies that “[a]ny commitment ... shall not exceed the maximum term of imprisonment which an adult may serve for the same offense.”[2] The court responded by saying, “I’m going to take back what I said,” and proceeded to announce a finding of robbery and an adjudication based thereon. Appellant contends that the trial court erred in reversing itself after it concluded its responsibilities as the trier of fact. We agree and reverse.
It is axiomatic that a sentence can be molded to fit the crime, but the crime cannot be molded to fit the sentence. See Instruction 2.15(a), Florida Standard Jury Instructions (2d ed. 1975). Accordingly, the cause is reversed and remanded with instructions to enter an adjudication of delinquency based upon a finding of petty larceny together with the applicable limitation of Section 39.11(3), Florida Statutes (1979).
MOORE, GLICKSTEIN and HURLEY, JJ., concur.

. Rule 8.190(k), Fla.R.Juv.P.

. See G. W. M. v. State, 391 So.2d 738, (Fla. 4th DCA, 1980).