405 So.2d 497 (1981)
In the Interest of J.P., a Child.
No. 79-487.
District Court of Appeal of Florida, Fourth District.
November 4, 1981.
Richard L. Jorandby, Public Defender, and Cherry Grant, Asst. Public Defender, West Palm Beach, for appellant.
*498 Jim Smith, Atty. Gen., Tallahassee, and Russell S. Bohn, Asst. Atty. Gen., West Palm Beach, for appellee.
ANSTEAD, Judge.
The appellant, a juvenile, claims that the trial court erred and violated his constitutional right to equal protection of the law by placing him on probation for a period of time exceeding the maximum amount of time that appellant could have been incarcerated for the same offense had he been tried as an adult. We affirm.
An adult may not be placed on probation for a period of time exceeding the maximum period that he could be incarcerated. State v. Holmes, 360 So.2d 380 (Fla. 1978). However, under the statutes in effect when appellant was placed on probation, a juvenile could be committed or placed on probation for an indeterminate period not to exceed his 21st birthday, regardless of the statutory maximum penalty provided for the offense charged. Section 39.11(2)(a), Florida Statutes (1977).[1] We do not believe these provisions as applied in the instant case violated appellant's rights to equal protection.
First, we note that the Florida Constitution and the juvenile offender statutes contain a provision authorizing the juvenile to opt out of the juvenile system and to have the charges against him prosecuted in the criminal division of the circuit court in the same manner as an adult would be tried. Art. I, § 15(b), Fla. Const.; § 39.02(5)(b)(2), Fla. Stat. (1977). The appellant has never attempted to opt out the juvenile system under these provisions.
Secondly, because the underlying purposes and effects of the juvenile justice scheme as compared to the adult criminal justice system are substantially different, we believe the state has the authority to treat juvenile violators differently, insofar as the length of a term of probation, than adult offenders. Although we are not faced with the issue of whether or not a longer term of incarceration could be imposed, an issue much more troublesome than the one at hand, we do agree with the reasoning used by the California Supreme Court to approve such a result in the case of In re Eric J., 25 Cal.3d 522, 159 Cal. Rptr. 317, 601 P.2d 549 (1979):
The first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more similarly situated groups in an unequal manner. (See, e.g., In re Roger S. (1977) 19 Cal.3d 921, 934, 141 Cal. Rptr. 298, 569 P.2d 1286.) Adults convicted in the criminal courts and sentenced to prison and youths adjudged words of the juvenile courts and committed to the Youth Authority are not "similarly situated."
For purposes of this discussion, the most significant difference between minors and adults is that "[t]he liberty interest of a minor is qualitatively different than that of an adult, being subject both to reasonable regulation by the state to an extent not permissible with adults (Planned Parenthood of Cent. Mo. v. Danforth, supra [1976] 428 U.S. 52, [74], 96 S.Ct. 2831, 2843, 49 L.Ed.2d 788, [808]; Ginsberg v. New York, supra [1968] 390 U.S. 629, 638, 88 S.Ct. 1274, [1279], 20 L.Ed.2d 195, [203]; Prince v. Massachusetts, supra [1944] 321 U.S. 158, 170, 64 S.Ct. 438, [444], 88 L.Ed. 645, [654-655]), and to an even greater extent to the control of the minor's parents unless `it appears that the parental decisions will jeopardize the health or safety of the child or have a potential for significant social burdens.' (Wisconsin v. Yoder [supra, 1972] 406 U.S. 205, 234, 92 S.Ct. 1526, 1542, 32 L.Ed.2d 15, [35].)" (In re Roger S., supra, 19 Cal.3d at p. 934, 141 Cal. *499 Rptr. at p. 306, 569 P.2d at p. 1294.) When the minor must be removed from the custody of his parents for his own welfare or for the safety and protection of the public (Welf. & Inst. Code, § 202), the state assuming the parents' role the state also assumes the parents' authority to limit the minor's freedom of action.
"`The concept of the equal protection of the laws compels recognition of the proposition that persons similarly situated with respect to the legitimate purpose of the law receive like treatment.'" (In re Gary W. (1971) 5 Cal.3d 296, 303, 96 Cal. Rptr. 1, 7, 486 P.2d 1201, 1207, quoting Purdy & Fitzpatrick v. State of California (1969) 71 Cal.2d 566, 578, 79 Cal. Rptr. 77, 85 [456 P.2d 645, 653].) The state does not have the same purpose in sentencing adults to prison that it has in committing minors to the Youth Authority. Adults convicted in the criminal courts are sentenced to prison as punishment (Pen. Code, § 1170, subd. (a)(1) while minors adjudged wards of the juvenile courts are committed to the Youth Authority for the purposes of treatment and rehabilitation (In re Aline D. (1975) 14 Cal.3d 557, 567, 121 Cal. Rptr. 816, 536 P.2d 65).
159 Cal. Rptr. 320-321, 601 P.2d 552-553. We believe that under the circumstances of this case, this reasoning is sufficient to support the different treatment afforded the appellant herein.
The entire purpose behind having a separate scheme for juveniles is to prevent the juvenile from becoming an adult offender by providing him rehabilitative and habilitative, as opposed to punitive, treatment at the earliest possible opportunity so as to maximize his chances of becoming a happy and well adjusted member of society. In Re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967);[2] § 39.001, Fla. Stat. (1977). For the most part, the differences in treatment are far more favorable to the offender treated in the juvenile system than in the adult system. However, the variant purposes of the two systems may sometimes require different treatment which appears to disfavor the juvenile. In the Interest of C.J.W., 377 So.2d 22 (Fla. 1979); State v. Boatman, 329 So.2d 309 (Fla. 1976); State v. D.H., 340 So.2d 1163 (Fla. 1976). For instance, while most constitutional protections have been afforded to juveniles, it has been held that juveniles are not entitled to a right to trial by jury. McKeiver v. Pennsylvania, 403 U.S. 528, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971). Likewise, we believe the state has the authority to adopt a flexible system of rehabilitative treatment for juveniles who do not elect to apt out of the system which treatment may include a term of probation longer than that provided for adults.
In the case at hand it appears that the trial judge was eminently reasonable in concluding that appellant's drug related problems required much more time and attention than would be afforded if treatment were limited to the maximum period of time statutorily prescribed for the offense actually alleged in the petition for adjudication.
Accordingly, for the reasons set out above the decision of the trial court is affirmed.
LETTS, C.J., and HURLEY, J., concur.
NOTES
[1] The juvenile statutes have now been amended to provide that a juvenile may not be committed for a term beyond the maximum term for which an adult could be sentenced for the same offense. Section 39.11(3), Florida Statutes (1979). Another amendment provides that any term of probation shall not extend beyond the juvenile's 19th birthday. Section 39.11(1)(a). We have interpreted the effects of these provisions in G.W.M. v. State, 391 So.2d 738 (Fla. 4th DCA 1980).
[2] Justice Fortas, in writing the opinion which assured numerous procedural due process rights to juveniles, noted: "If Gerald had been over 18, he would not have been subject to Juvenile Court proceedings. For the particular offense immediately involved, the maximum punishment would have been a fine of $5 to $50, or imprisonment in jail for not more than two months. Instead, he was committed to custody for a maximum of six years.