GREEN, Judge.
On this appeal, T.M., a juvenile, asserts that section 790.22(9)(a), Florida Statutes (1995)[1] which mandates the imposition of a five day detention period on any juvenile who commits an offense that involves the use or possession of a firearm is violative of the equal protection clause whereas an adult who commits the same offense is not subjected to the same mandatory incarceration period. We do not find section 790.22(9)(a) to be violative of the equal protection clause of the state and federal constitutions and affirm.
T.M. was charged by petition of delinquency with carrying a concealed firearm. After conducting an adjudicatory hearing, the trial court held that T.M. had committed the act alleged in the petition. Pursuant to section 790.22(9)(a), the trial court was required to impose a five day detention period on T.M. in addition to any other penalty permitted by law. Prior to the disposition hearing, T.M. filed a motion to have the statute declared unconstitutional on the grounds that it violated the rights of juveniles under the equal protection clause. T.M. argued that the statute precluded a juvenile from receiving an individualized sentence without an automatic detention period, whereas an adult offender convicted of the same offense could receive an individualized sentence which did not include a mandatory incarceration sentence. T.M. maintained that section 790.22(9)(a) is not based on any rational distinction having a just and reasonable relation to a legitimate state interest and it therefore violated the equal protection clause of both the state and federal constitutions. .The trial court denied T.M.’s motion, but stayed the imposition of the five day detention period pending this appeal.
A prerequisite to any valid equal protection claim is a showing that the state has adopted a classification that affects two or more similarly situated groups in an unequal manner. In the Interest of J.P., 405 So.2d 497, 498 (Fla. 4th DCA 1981) (citing In re Eric J, 25 Cal.3d 522, 159 Cal.Rptr. 317, 601 P.2d 549 (Cal.1979)). We understand T.M.’s basic argument to be that section 790.22(9)(a) is violative of the equal protection clause because it requires juveniles who are found guilty of carrying a concealed firearm to be detained for five days but adults who are found guilty of this same offense are not subject to any mandatory incarceration.[2] *445 The fallacy of this argument lies in the erroneous assumption that juvenile offenders and adult offenders are “similarly situated.” We think that the Fourth District in J.P. convincingly pointed out that they are not:
[T]he liberty interest of a minor is qualitatively different than that of an adult, being subject both to reasonable regulation by the state to an extent not permissible with adults (citations omitted), and to an even greater extent to the control of the minor’s parents unless ‘it appears that the parental decisions will jeopardize the health or safety of the child or have a potential for significant social burdens.’ (citations omitted).
405 So.2d at 498.
Indeed, the state’s interests in juvenile offenders is vastly different from its interests in adult offenders. With adult offenders, the state’s primary objective is that of retributive punishment. One of the primary purposes of the Juvenile Justice Act, however, is to “ensure the protection of society, by providing ... that the most appropriate control, discipline, punishment and treatment can be administered” with “the specific rehabilitation needs of the child-”. § 39.001(l)(e), Fla. Stat.(1995). The act further provides that control and guidance are to be administered in a manner to assure “the recognition, protection, and enforcement of their constitutional and other legal rights, while ensuring that public safety interests ... are adequately protected.” § 39.001(l)(a), Fla.Stat.(1995). The remedial nature of the statute, regarding juveniles, requires that it be accorded a liberal interpretation so as to carry out the intent of the legislature. Miller v. Carson, 392 F.Supp. 515, 520 (M.D.Fla.1975), aff'd. in part, modified in part by, 563 F.2d 741 (5th Cir.1977). Given the aforementioned remedial nature of the statute and the different goals of the juvenile justice system, with its emphasis on rehabilitation rather than retributive punishment, it is constitutionally permissible to treat juvenile offenders differently-
Even assuming arguendo, that juvenile and adult firearm offenders could be deemed similarly situated, we still could not find a constitutional infirmity with section 790.22(9)(a). The legislature generally has wide discretion in creating statutory classifications and these classifications are presumed valid. Sanchez v. State, 636 So.2d 187, 189 (Fla. 3d DCA 1994). It is well-established that all statutory classifications that treat one person or group differently than others must appear to be based at a minimum on a rational distinction having a reasonable relation to a legitimate state objective. The Florida High School Activities Ass’n., Inc. v. Thomas, 434 So.2d 306, 308 (Fla.1983); Rollins v. State, 354 So.2d 61, 63 (Fla.1978). It follows then that to demonstrate a violation of the equal protection clause, a party must show that the statutory classification bears no rational relationship to a legitimate state interest. 434 So.2d at 308; see also Soverino v. State, 356 So.2d 269, 271-72 (Fla.1978) (test is whether classification rests on some difference bearing reasonable and just relation to the object of the legislation).
In light of the alarming and escalating number of firearms finding their way into the hands of juveniles in the State of Florida, we cannot conclude that section 790.22(9)(a) bears no rational relationship to the state’s legitimate objective in curtailing juvenile violence with the use of firearms.[3] The legislature could have legitimately found that a juvenile’s possession of a firearm poses more *446 of a societal threat by virtue of the juvenile’s immaturity and reacted to this finding.
The statute is obviously designed to get the immediate attention of all juveniles and to issue a “wake-up call” that the state deems their firearm offenses to be serious enough to warrant the automatic deprivation of their liberty for a period of time, even on a first offense. Its intent clearly is to have a deterrent effect to hopefully prevent the juvenile’s escalation into the adult criminal justice system.
Thus, for the foregoing reasons, we conclude that the trial court did not err in its determination that the statute did not violate the equal protection clause.
Affirmed.

. That statute provides:
Notwithstanding s. 39.043, if the minor is found to have committed an offense that involves the use or possession of a firearm, as defined in s. 790.001, other than a violation of subsection (3), or an offense during the commission of which the minor possessed a firearm, and the minor is not committed to a residential commitment program of the Department of Health and Rehabilitative Services, in addition to any other punishment provided by law, the court shall order:
(a) For a first offense, that the minor serve a mandatory period of detention of 5 days in a secure detention facility and perform 100 hours of community service, (emphasis added).

. T.M.’s basic premise surely cannot be that no adults who commit offenses with the use of a firearm are subjected to mandatory prison terms. See § 812.13 (1995) (robbery committed with firearm punishable by mandatory imprisonment for a term of years); § 775.087(2) (adult's commission of enumerated felonies with possession *445 of firearm shall be sentenced to minimum term of 3 years imprisonment).

. We think that an adequate rational basis was stated by the legislature when it enacted the law:
WHEREAS, the love affair between juveniles and firearms has reached in all-time high here in Florida, and
WHEREAS, the courts, the Legislature, and law enforcement cannot be the sole solution to stem our rising juvenile crime statistics, and
WHEREAS, it is the will of the Legislature and all Floridians that parental involvement, accountability, and responsibility become the key to solving our existing broken juvenile system, and
WHEREAS, it is the will of Floridians all across this great state of ours that juveniles who violate laws pertaining to the illegal use of firearms be dealt with in a swift and certain and severe manner,....
Ch. 93-416, at 216, Laws of Fla.