701 So.2d 1221 (1997)
T.M., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 97-1360.
District Court of Appeal of Florida, First District.
December 1, 1997.
Nancy A. Daniels, Public Defender and Carl S. McGinnes, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General and Kristina White, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant contends the trial court erred in ordering him to spend five days in detention and perform 100 hours of community service in accordance with section 790.22(9)(a), Florida Statutes.[1] Appellant, a 15-year-old who was charged with aggravated assault with a firearm, entered a negotiated plea and was placed in an intensive community supervision program, with the proviso that should he violate that supervision, he would be placed in a level VI residential program. In addition, he was ordered to spend the five days in detention and perform 100 hours of community service. The trial court ruled that because he had been given the alternative community supervision, appellant had not been committed to a residential program as envisioned by the statute. Appellant contends that he was, in effect, committed to a residential program, even though, depending on how he does under the intensive community supervision, he may never actually enter the residential program.
*1222 We affirm the trial court's ruling based on the plain meaning of the statutory language. In this case, the pertinent meaning of "commit" is to place officially in confinement or custody. See American Heritage Dictionary of the English Language 268 (1979). Appellant has yet to be committed, and may never be committed, to a residential program.
Our conclusion is further supported by the reasoning set forth in T.M. v. State, 689 So.2d 443 (Fla. 3d DCA 1997), in which the court noted that due to the remedial nature of this statute, it should be "accorded a liberal interpretation so as to carry out the intent of the legislature." See id. at 445. That court also noted that "[t]he statute is obviously designed to get the immediate attention of all juveniles and to issue a `wake-up call' that the state deems their firearm offenses to be serious enough to warrant the automatic deprivation of their liberty for a period of time, even on a first offense." See id. at 446.
AFFIRMED.
BOOTH, JOANOS and VAN NORTWICK, JJ., concur.
NOTES
[1] 790.22(9): Notwithstanding s. 39.043, if the minor is found to have committed an offense that involves the use or possession of a firearm, as defined in s. 790.001, other than a violation of subsection (3), or an offense during the commission of which the minor possessed a firearm, and the minor is not committed to a residential commitment program of the Department of Health and Rehabilitative Services, in addition to any other punishment provided by law, the court shall order:

(a) For a first offense, that the minor serve a mandatory period of detention of 5 days in a secure detention facility and perform 100 hours of community service.