712 So.2d 1220 (1998)
STATE of Florida, Appellant,
v.
R.L.S., a minor, Appellee.
No. 97-04334.
District Court of Appeal of Florida, Second District.
June 26, 1998.
Robert A. Butterworth, Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Brad Permar, Assistant Public Defender, Clearwater, St. Petersburg, for Appellee.
CASANUEVA, Judge.
After R.L.S. was found guilty of improper exhibition of a firearm, the trial court sentenced him to, among other things, a suspended five day term in a juvenile detention center. The State appeals the suspension of the five day detention period, contending that section 790.22(9)(a), Florida Statutes (1997) mandates the detention period. We agree with the State's assertion and hold that the trial court had no authority to suspend this period of detention.
Section 790.22(9)(a) provides that when a minor commits a firearms possession offense but is not committed to a residential commitment program of the Department of Health and Rehabilitative Services, "the court shall order ... that the minor serve a mandatory period of detention of five days in a secure detention facility" for a first offense. The use of the word "shall" indicates that service of the five day detention is mandatory. The legislature clearly intended that the courts deal severely with those juveniles who illegally use firearms. For first offenders, the legislature sought to focus their attention on the seriousness of their actions by depriving them of their liberty. The five day detention period is mandatory and not subject to a trial judge's discretion to suspend its imposition. See T.M. v. State, 689 So.2d 443 (Fla. 3d DCA 1997).
We reverse the suspension of the five day detention period and remand.
ALTENBERND, A.C.J., and FULMER, J., concur.