HAZOURI, J.,
dissenting.
I respectfully dissent. The majority fails to address this court’s holding in State v. S.T., 803 So.2d 782 (Fla. 4th DCA 2001), which involves a factually similar scenario. In that case, the trial court adjudicated a defendant delinquent for the offenses of grand theft and burglary of a dwelling. The only time a firearm appeared during the commission of the crime was when it was “[ajmong the items stolen.” Id. at 782. The trial court did not commit the defendant to fifteen days detention, as required by section 790.22(9); but rather, it credited the defendant with fifteen days for time served in detention. Id. This court reversed and remanded, requiring the strict application of section 790.22(9) and its mandatory fifteen-day detention period. Id. at 783.
In this case, the petition alleged two counts of grand theft of a firearm. B.O. did not, nor did the petition say that B.O. did, use or possess a firearm in any other capacity during the commission of the crime. The petition also did not cite section 790.22(9)’s possible application. B.O.’s petition, however, gave him proper notice of section 790.22(9)’s possible application because, as in S.T., the taking of a handgun by a juvenile, alone, gives notification of section 790.22(9)’s mandatory application — even if that theft is the only time in which the juvenile had possession of a handgun during the commission of a crime. Such a strict application of section 790.22(9) is well-recognized and in accordance with section 790.22(9)’s legislative purpose of deterring future crimes by juveniles, especially those involving firearms. See State v. J.Z., 957 So.2d 45, 46-47 (Fla. 3d DCA 2007) (stating that section 790.22(9) is “ ‘designed to get the immediate attention of all juveniles and to issue a “wake-up call” that the state deems their firearm offenses to be serious enough to warrant the automatic deprivation of their liberty for a period of time, even on a first offense’ ” (quoting T.M. v. State, 689 So.2d 443, 446 (Fla. 3d DCA 1997))); see also State v. R.C.S., 837 So.2d 517, 518 (Fla. 3d DCA 2003) (stating that “the legislature purposely intended the mandatory minimum detention provision of [section 790.22(9) ] to act as an example of what might lie ahead should one persist in further criminal activity”); T.M., 689 So.2d at 446 (stating that section 790.22(9)’s “intent clearly is to have a deterrent effect to hopefully prevent the juvenile’s escalation into the adult criminal justice system”).[11] *592 By disregarding S.T., the majority has in turn disregarded section 790.22(9)’s legislative purpose and accompanying case law.
The majority also concludes that the petition for delinquency in this case does not comport with due process because its specific wording cited neither the possible sentencing under section 790.22(2), nor used the express terms of use or possession of a firearm in setting forth the elements of the crime under which B.O. was charged. This proposition, however, goes against well-settled precedent. Namely, that juvenile offenders are treated differently in the criminal justice system, as they are entitled only to a minimum standard of due process. To support its argument, the majority cites both statutory and case law for the general proposition that juveniles are entitled to due process. While juveniles are entitled to due process, they are not entitled to the panoply of rights of due process accorded to adults, as they are treated differently and more sympathetically than adults in the criminal justice system. This was well-articulated by the Florida Supreme Court in In Interest of C.J.W., 377 So.2d 22 (Fla.1979). There, the court stated:
[W]e note that certain significant distinguishing characteristics justify the differences of approach and procedure between the juvenile justice system and the criminal justice system. A child offender, even after being adjudged delinquent, is never held to be a criminal, even if the act would be considered a crime if committed by an adult. The key to this difference in approach lies in the juvenile justice system’s ultimate aims. Juveniles are considered to be rehabilitatable. They do not need punishment. Their need lies in the area of treatment. Therefore, while a juvenile whose liberty the state seeks to restrain mu,st be afforded, a certain minimum standard of due process, it has never been held that he enjoys the full panoply of procedural rights to which one accused of a crime is entitled.
Id. at 23-24 (emphasis added).
Furthermore, the majority’s position im-permissibly expands on the procedural requirements of a petition for delinquency by seeking to hold the state accountable for not stating in the petition that either section 790.22(9) was applicable or that B.O. used or possessed a firearm during the commission of a crime when this is not otherwise required under the law. Although “due process of law requires the state to allege every essential element when charging a violation of law,” a petition fulfills this notice requirement when it “properly allege[s] every essential element of the offense.” M.F. v. State, 583 So.2d 1383, 1385-86 (Fla.1991); see also T.C.E. v. State, 965 So.2d 338, 340 (Fla. 5th DCA 2007) (holding that “[a] charging document is fundamentally defective only where it totally omits an essential element of the crime or is so vague, indistinct, or indefinite that the defendant is misled or exposed to double jeopardy” (emphasis added)). Nowhere has it been held that a petition must specifically cite section 790.22(9) or include the express terms use or possession of a firearm in order to trigger section 790.22(9)’s application. In fact, section 790.22(9) contains no pleading requirement and its plain meaning requires its application when, simply, “the minor is found to have committed an offense that involves the use or possession of a firearm.” Id. (emphasis added). That is exactly the case here, as B.O. was a minor found guilty of an offense that involved, the possession of a firearm, i.e., when B.O. *593 took two firearms into his possession during the commission of a crime.
Accordingly, the omission of the possible application of section 790.22(9) and of the words use or possession of a firearm in a petition for theft of a firearm does not, in and of itself, violate the notice requirements of due process or render that petition inadequate. This proposition is bolstered by our decision in S.T., which holds that the theft of a firearm, alone, will sufficiently notify a juvenile offender of section 790.22(9)’s possible application. The majority’s position, in contrast, imper-missibly expands both the due process rights of juveniles and the procedural requirements of a petition by calling for more than what the law requires. I, therefore, dissent.

. This legislative purpose was recognized by the Florida Legislature itself when this law was first enacted. In the 1993 Laws of Florida, it stated:
WHEREAS, the love affair between juveniles and firearms has reached an all-time high here in Florida, and
WHEREAS, the courts, the Legislature, and law enforcement cannot be the sole solution to stem our rising juvenile crime statistics, and
WHEREAS, il is the will of the Legislature and all Floridians that parental involvement, accountability, and responsibility become the key to solving our existing broken juvenile criminal justice system, and

WHEREAS, it is the will of Floridians all across this great state of ours that juveniles who violate laws pertaining to the illegal use of firearms be dealt with in a swift and certain and severe manner ...

*592 Ch. 93-416, Preamble, al 216, Laws of Fla. (emphasis added).